## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS HARRIS, | ) | |
| (Jermaine Harris), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 07 C 6921 |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, and | ) | |
| CHICAGO POLICE OFFICER | ) | Judge Dow |
| S. G. AUSTIN, Star No. 18460, and | ) | |
| CHICAGO POLICE OFFICER | ) | Magistrate Judge Valdez |
| A. R. RANDOLPH, Star No. 6577, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## INDIVIDUAL DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendants Austin and Randolph (collectively "Individual Defendants"), by and through one of their attorneys, Shneur Z. Nathan, hereby submit the foregoing answer to Plaintiff's Complaint:

### JURISDICTION and VENUE

1.    This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of plaintiff s rights as secured by the United States Constitution.

**ANSWER:    Individual Defendants admit that Plaintiff purports to bring a civil rights action pursuant to 42 U.S.C. § 1983 and the laws of Illinois, but denies that the United States Constitution provides Plaintiff with a direct cause of action. Individual Defendants admit that Plaintiff's Complaint purports to seek relief for certain acts and/or omissions, but deny any wrongful conduct.**

2.    This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**ANSWER:    Individual Defendants admit that jurisdiction is proper in the United**

States District Court for the Northern District of Illinois.

3.    Venue is proper under 28 U.S.C. § 1391 (b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:    Individual Defendants lack sufficient knowledge or information to form a belief as to the location of Plaintiff's residence. Individual Defendants admit the remaining allegations contained in the above paragraph.**

## PARTIES

4.    At all times relevant hereto, Plaintiff Thomas Harris was a 22 year-old male resident of Chicago, Illinois.

**ANSWER:    Individual Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the above paragraph.**

5.    At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law within the scope of their employment and.

**ANSWER:    Individual Defendants admit the allegations set forth in the above paragraph.**

6.    Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:    Individual Defendants admit the allegations set forth in the above paragraph.**

## FACTUAL ALLEGATIONS

7.    On or about December 16, 2006, Plaintiff was operating his vehicle with his sister as a passenger near the intersection of 45th St. and Michigan Ave. in Chicago, Cook County, Illinois.

**ANSWER:    Individual Defendants admit that the subject incident occurred on December 16, 2006 and that there was a female passenger in the vehicle Plaintiff was operating, but deny that it occurred near the intersection of 45th Street and Michigan Avenue. Answering further, the subject incident occurred near the intersection of 43rd Street**

2

**and Michigan Avenue in Chicago, Illinois. Individual Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in the above paragraph.**

8.    At this time, Defendant Officers curbed Plaintiff's vehicle and ordered Plaintiff to exit his vehicle.

**ANSWER:    Individual Defendants deny the allegations set forth in the above paragraph.**

9.    At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:    Individual Defendants deny the allegations set forth in the above paragraph.**

10.    During this unconstitutional detention, one of the Defendant Officers handcuffed Plaintiff and one or more of the Defendant Officers unreasonably searched Plaintiff and his vehicle.

**ANSWER:    Individual Defendants deny the allegations set forth in the above paragraph.**

11.    Following the unconstitutional search, Plaintiff's vehicle was impounded and Plaintiff was arrested and taken to the 2nd District Chicago Police Station where he was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402C.

**ANSWER:    Individual Defendants admit that Plaintiff was charged with the above crime and that he was taken to the 2nd District Police Station, but deny having committed any wrongdoing and deny the remaining allegations set forth in the above paragraph.**

12.    Plaintiff was incarcerated and held in custody on house arrest from December 16, 2006 until January 3, 2007.

**ANSWER:    Individual Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the above paragraph.**

13.     On January 3rd, the false charge of Possession of a Controlled Substance was dismissed for a finding of no probable cause.

**ANSWER:        Individual Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the above paragraph.**

### Count 1-42 U.S.C. S 1983 False Arrest

14.     Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:        Individual Defendants reassert their answers contained in all preceding paragraphs and incorporate their answers herein, as though fully stated.**

15.     On December 16, 2006, Plaintiff was seized and arrested without a warrant and without probable cause.  This seizure and arrest were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:        Individual Defendants admit that the subject incident occurred on December 16, 2006 and that no warrant was issued, but deny the remaining allegations set forth in the above paragraph.**

16.     Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:        Individual Defendants deny the allegations set forth in the above paragraph.**

17.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

> a)     As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;
>
> b)     As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the

Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c)  As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d)  Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e)  The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f)  As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g)  As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.  Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h)  The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**    **Individual Defendants make no answer to this paragraph because it is not directed at them.**

18.    The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff s constitutional rights and would cause harm to Plaintiff.

**ANSWER:**    **Individual Defendants deny the allegations set forth in the above paragraph.**

### Count II - 42 U.S.C. § 1983 Unlawful Search

19.    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

5

**ANSWER:** **Individual Defendants reassert their answers contained in all preceding paragraphs and incorporate their answers herein, as though fully stated.**

20.    Defendant Officers searched Plaintiff's person without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER:** **Individual Defendants admit that a limited custodial search of Plaintiff was conducted and that no search warrant was issued, but deny the remaining allegations set forth in the above paragraph.**

21.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a)    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b)    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c)    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d)    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e)    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f)    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's

6

career;

g)    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h)    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**    **Individual Defendants make no answer to this paragraph because it is not directed at them.**

22.    The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches

**ANSWER:**    **Individual Defendants deny the allegations set forth in the above paragraph.**

## Count III - False Imprisonment

23.    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**    **Individual Defendants reassert their answers contained in all preceding paragraphs and incorporate their answers herein, as though fully stated.**

24.    Jurisdiction of this Court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:**    **Individual Defendants admit that jurisdiction is proper in the United States District Court for the Northern District of Illinois.**

25.    On December 16, 2006, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**    **Individual Defendants admit that Plaintiff was arrested without a warrant on December 16, 2006, but deny the remaining allegations set forth in the above paragraph.**

26.    Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:    Individual Defendants deny the allegations set forth in the above paragraph. Individual Defendants make no answer on behalf of the City.**

27.    The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:    Individual Defendants deny the allegations set forth in the above paragraph. Individual Defendants make no answer on behalf of the City.**

**Count IV - Malicious Prosecution**

28.    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:    Individual Defendants reassert their answers contained in all preceding paragraphs and incorporate their answers herein, as though fully stated.**

29.    Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge at the preliminary hearing.  This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

**ANSWER:    Individual Defendants admit they initiated judicial proceedings against Plaintiff, but deny the remaining allegations set forth in the above paragraph.**

30.    Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER:    Individual Defendants admit they initiated judicial proceedings against Plaintiff, but deny the remaining allegations set forth in the above paragraph.**

31.    Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:    Individual Defendants deny the allegations set forth in the above paragraph.**

32.    On January 3, 2007, Plaintiff's case was dismissed.

**ANSWER:    Individual Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the above paragraph.**

33.    As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:    Individual Defendants deny the allegations set forth in the above paragraph.**

### Count V - Intentional Infliction of Emotional Distress

34.    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:    Individual Defendants reassert their answers contained in all preceding paragraphs and incorporate their answers herein, as though fully stated.**

35.    Jurisdiction of this Court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:    Individual Defendants admit that jurisdiction is proper in the United States District Court for the Northern District of Illinois.**

36.    Defendant Officers' illegal arrest, unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:    Individual Defendants deny the allegations set forth in the above paragraph.**

37.    Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:    Individual Defendants deny the allegations set forth in the above paragraph.**

38.    As a direct and proximate result of this illegal and malicious conduct, Plaintiff

suffered extensive damages, including but riot limited to severe physical and emotional harm, legal and other out-of-pocket costs, and other damages which will be proven at trial.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

**Count VIII - State Law Claims Against Defendant City**
***Respondeat Superior* and Indemnification**

**ANSWER:** **Individual Defendants make no answer to this count because it is not directed at them.**

**WHEREFORE, Individual Defendants pray that this Court enter judgment in their favor on Plaintiff's Complaint, award Individual Defendants such fees and costs as allowed by law, and grant such further relief as this Court deems just, fair, and proper.**

**AFFIRMATIVE DEFENSES**

1.  Individual Defendants are entitled to qualified immunity.  Individual Defendants are governmental officials, namely police officers, who perform discretionary functions.  At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Individual Defendants could have believed their actions to be lawful, in light of clearly established law and the information the Individual Defendants possessed. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

2.  As to all state law counts, under the Illinois Tort Immunity Act, Individual Defendants are not liable for any of the claims alleged because public employees are not liable for their acts or omission in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202 (2002).

3.  Under the Illinois Tort Immunity Act, Individual Defendants are not liable for any of the claims alleged because the decision to arrest and respond with reasonable force against

10

Plaintiff's unlawful resisting of arrest, based upon the information and circumstances known to Individual Defendants at the time, was a discretionary decision for which they are immune from liability.  745 ILCS 10/2-201 (2002).

4.      Under the Illinois Tort Immunity Act, Individual Defendants are not liable for any of the claims alleged because a public employee, as such, and acting within the scope of his employment is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204 (2002).

5.      Any award of damages against the Individual Defendants shall be reduced in proportion to the comparative fault of plaintiff's own acts or omissions, including but not limited to Plaintiff's own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages.

6.      To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## **JURY DEMAND**

**Individual Defendants demand trial by jury.**


                                        Respectfully submitted,

                                         /s/ Shneur Z. Nathan
                                        SHNEUR Z. NATHAN
                                        Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-1842
(312) 744-6566 (Fax)
Atty. No. 6294495

## **CERTIFICATE OF SERVICE**

    I, Shneur Z. Nathan, an attorney, hereby certify that on February 19, 2008, I caused Individual Defendants' Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand to be served upon all counsel of record by filing the same before the Court via the ECF system.


                         /s/ Shneur Z. Nathan_____
                            Shneur Z. Nathan