UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS HARRIS,<br>(Jermaine Harris),<br><br>        Plaintiff,<br>vs.<br><br>CITY OF CHICAGO, ILLINOIS, and<br>CHICAGO POLICE OFFICER<br>S. G. AUSTIN, Star No. 18460, and<br>CHICAGO POLICE OFFICER<br>A. R. RANDOLPH, Star No. 6577,<br><br>        Defendants. | No. 07 C 6921<br><br>Judge Dow<br><br>Magistrate Judge Valdez<br><br><br><br>JURY TRIAL DEMANDED |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES,
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago (the "City"), by its attorney Mara S. Georges, Corporation Counsel for the City of Chicago, answers the Complaint and states:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' [sic] rights as secured by the United States Constitution.

**ANSWER:** The City admits that Plaintiff has brought this action pursuant to 42 U.S.C. §1983. The City denies that it violated Plaintiff's rights or caused him injury.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

**ANSWER:** The City admits the allegations contained in Paragraph 2.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff resides in this district. The City admits the remaining allegations contained in Paragraph 3.

4. At all times relevant hereto, Plaintiff Thomas Harris was a 22 year old male resident of Chicago, Illinois.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4.

## PARTIES

5. At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

**ANSWER:** The City admits that, at all times relevant to this Complaint, S.G. Austin, Star No. 18460, and A.R. Randolph, Star No. 6577, were employed by the City of Chicago as Police Officers. The City further admits, upon information and belief, based on Chicago Police Department records, that Defendant Officers Austin and Randolph were acting under the color of law and within the scope of their employment at all times relevant to the Complaint.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:** The City admits that it is a municipal corporation, duly incorporated under the laws of the State of Illinois, and that it employs the Defendant Officers. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 6.

## FACTUAL ALLEGATIONS

7. On or about December 16, 2006, Plaintiff was operating his vehicle with his sister as a passenger near the intersection of 45th St. and Michigan Ave. in Chicago, Cook County, Illinois.

**ANSWER:** Based on a Chicago Police Department arrest report ("report"), the City admits that, on December 16, 2006, Plaintiff was operating a vehicle in the area of 116th East 43rd Street, Chicago, Illinois. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

8. At this time, Defendant Officers curbed Plaintiff's vehicle and ordered Plaintiff to exit his vehicle.

**ANSWER:** Based on the report, the City admits that the Defendant Officers curbed the vehicle that Plaintiff was driving. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

9. At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:** Based on the report, the City denies the allegation contained in Paragraph 9.

10. During this unconstitutional detention, one of the Defendant Officers handcuffed Plaintiff and one or more of the Defendant Officers unreasonably searched Plaintiff and his vehicle.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Following the unconstitutional search, Plaintiff's vehicle was impounded and Plaintiff was arrested and taken to the 2nd District Chicago Police Station where he was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402C.

**ANSWER:** Based on the report, the City admits that Plaintiff was arrested and taken to the 2nd District Police Station of the Chicago Police Department and that Plaintiff was charged with Possession of a Controlled Substance, in violation of 720 ILCS 570.0/402C. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 11.

12. Plaintiff was incarcerated and held in custody on house arrest from December 16, 2006 until January 3, 2007.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12.

13. On January 3rd, the false charge of Possession of a Controlled Substance was dismissed for a finding of no probable cause.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13.

### Count I – 42 U.S.C. § 1983 False Arrest

14. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** The City's answers to Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

15. On December 16, 2006, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States,

**ANSWER:** Based on the report, the City admits that Plaintiff was arrested without a warrant on December 16, 2006. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 15.

16. Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:** The City admits that, at all times relevant to this Complaint, Defendant Officers were employed by the Chicago Police Department. The City further admits, upon information and belief, based on Chicago Police Department records, that Defendant Officers were acting under the color of law and within the scope of their employment at all times relevant to the Complaint. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 16.

17. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b. As a matter of both policy and practice, the Chicago Police Department

|   |   |
|---|---|
|   | facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing; |
| c. | As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases; |
| d. | Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case; |
| e. | The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here; |
| f. | As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career; |
| g. | As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.  Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and |
| h. | The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights. |

**ANSWER:**   The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights."  The City denies the remaining allegations contained in Paragraph 17, including subparagraphs (a) through (h).

18.   The acts committed by Defendant Officers were done maliciously, willfully and

wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18.

### Count II – 42 U.S.C. § 1983 Unlawful Search

19. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** The City's answers to Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

20. Defendant Officers searched Plaintiff's person without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20.

21. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

      d..      Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

      e.      The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

      f.      As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

      g.      As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and

      h.      The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**   The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights." The City denies the remaining allegations contained in Paragraph 21, including subparagraphs (a) through (h).

      22.      The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

**ANSWER:**   The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22.

### Count III - False Imprisonment

      23.      Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**   The City's answers to Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

24. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** The City admits the allegations contained in Paragraph 24.

25. On December 16, 2006, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of Plaintiff's rights secured under the fourth and Fourteen [sic] Amendments of the Constitution of the United States.

**ANSWER:** Based on the report, the City admits that Plaintiff was arrested without a warrant on December 16, 2006. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 25.

26. Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:** The City denies the allegations contained in Paragraph 26 to the extent that they pertain to the City. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 26.

27. The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** The City denies the allegations contained in Paragraph 27 to the extent that they pertain to the City. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 27.

### Count IV – Malicious Prosecution

28. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER**: The City's answers to Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

29. Defendant Officers initiated and continued judicial proceedings against Plaintiff

by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge at the preliminary hearing. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29.

30. Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30.

31. Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31.

32. On January 3, 2007 Plaintiff's case was dismissed.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32.

33. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 33.

### Count V – Intentional Infliction of Emotional Distress

34. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** The City's answers to Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

35. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** The City admits the allegations contained in Paragraph 35.

36. Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 36.

37. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:** The City denies the allegations contained in Paragraph 37 to the extent that they pertain to the City. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 37.

38. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38.

**Count VI – State Law Claims Against Defendant City**
***Respondeat Superior* and Indemnification**

39. Plaintiff re-alleges paragraphs 1 through 13 as if fully re-pleaded herein

**ANSWER:** The City's answers to Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

40. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:** The City states that the allegations in Paragraph 40 are a vague, incomplete and/or inaccurate statement of Illinois statutory and common law regarding municipal indemnification and, therefore, the allegations in this paragraph are denied.

41.     At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committee by its agents, Defendant Officers.

**ANSWER:** The City admits that, at all times relevant to this Complaint, Defendant Officers were employed by the Chicago Police Department. The City further admits, upon information and belief, based on Chicago Police Department records, that Defendant Officers were acting under the color of law and within the scope of their employment at all times relevant to the Complaint. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 41.

## AFFIRMATIVE DEFENSES

1.      The statue of limitations for any claim under Illinois state law that Plaintiff is attempting to plead is one year. 745 ILCS 10/8-101. To the extent that Plaintiff's claims under state law accrued more than one year prior to the filing of this complaint against the Defendant Officers and the City, those claims are time barred and should be dismissed.

2.      A municipality is not liable under a theory of respondeat superior for the constitutional violations of its employees. See Board of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997).

3.      Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

4. Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.   745 ILCS 10/2-201.

5. Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

6. Defendant Officers are not liable for any of Plaintiff's claims because they can not be held liable for the acts or omissions of other people.  Under the Tort Immunity Act, Defendant Officers are not liable for any of Plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204.

7. Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by Plaintiff's failure to take reasonable action to minimize those damages.

8. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.  See People of City of Rollings Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

9. If the Defendant Officers are found not liable to Plaintiff on any of his state claims, the City is not liable to Plaintiff.  745 ILCS 10/2-109.

**JURY DEMAND**

Defendant City of Chicago requests a trial by jury.

                                                  Respectfully submitted,

                                                  MARA S. GEORGES
                                                  Corporation Counsel of the
                                                  City of Chicago

By:    /s/ Deja C. Nave
          DEJA C. NAVE
          MEGHAN KENNEDY
          Assistants Corporation Counsel

30 North LaSalle Street, Suite 1020
Chicago, IL 60602
(312) 744-9653/6951

-13-