IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS HARRIS, | ) | |
| (Jermaine Harris), | ) | No. 07 C 6921 |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Dow |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, and | ) | Magistrate Judge Valdez |
| CHICAGO POLICE OFFICER S.G. | ) | |
| AUSTIN, Star No. 18460, and CHICAGO | ) | |
| POLICE OFFICER A.R. RANDOLPH, | ) | |
| Star No. 6577, | ) | |
|     Defendants. | ) | |

## JOINT STATUS REPORT

Pursuant to the Court's Order, dated February 4, 2008, the parties submit the foregoing Joint Status Report :

**A.**   **Nature of the Case**

1. Attorneys of Record: Matthew Hader and Shneur Nathan, on behalf of the individual defendants; Meghan Kennedy and Deja Nave, on behalf of the City, and Jeffrey Granich, on behalf of the plaintiff.

2. Federal Jurisdiction: Plaintiff invokes jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Nature of the Claims: Plaintiff asserts claims against each individual defendant for alleged violations of his federal constitutional rights under 42 U.S.C. § 1983 and for allegedly tortious conduct under Illinois state law.  Specifically, plaintiff asserts Fourth and Fourteenth Amendment claims of False Arrest and Unlawful Search and supplemental Illinois state law claims for False Arrest, Malicious Prosecution, and Intentional Infliction of Emotional Distress.  Plaintiff also brings a claim for indemnification against defendant City and asserts a Section 1983 claim against the City, pursuant to *Monell v. Dept. of Social Serv. of the City of New York*.  There are no counter claims.

4. Unserved Parties:  All parties have been served and have answered plaintiff's Complaint.

5.  Principal Legal Issues: The principal legal issue in this case is whether either defendant officer violated plaintiff's constitutional rights, as secured by the Fourth and Fourteenth Amendments to the U.S. Constitution, when plaintiff was arrested on December 16, 2006. Also at issue is whether either of the officers committed the various tortious acts alleged in plaintiff's state law claims. Finally, the question of municipal liability may come into issue, either under plaintiff's *respondeat/* indemnification count or pursuant to plaintiff's *Monell* claim.

6.  Principal Factual Issues: The principal factual issues are as follows: (1) whether plaintiff was wrongfully searched and/ or arrested by defendant officers; (2) whether the actions of defendant officers constitute intentional infliction of emotional distress; (3) whether defendant City has an unconstitutional policy or practice that would subject it to municipal liability under *Monell*; and (4) whether plaintiff was damaged by the conduct of defendants and the nature and extent of the damages.

7.  Jury Trial: All parties have demanded a trial by jury.

**B.  Proceedings to Date:**

1.  Status of Discovery: All defendants have exchanged initial disclosures, pursuant to F.R.C.P. 26(a)(1). Plaintiff agrees to exchange its initial disclosures with defendants on or before March 21, 2008. The parties anticipate that the necessary fact discovery will include document discovery and depositions of the plaintiff, defendant police officers, third party police officers, occurrence witnesses, and a limited number of *Monell* related witnesses. The parties propose that they commence all fact discovery, including *Monell* discovery, in time to be completed by July 21, 2008. The parties further propose that plaintiff's experts be disclosed by August 20, 2008, to be deposed by September 19, 2008. Defendants will then have until October 20, 2008, to disclose their experts, to be deposed by November 20, 2008.

2.  Trial: The earliest date that the parties anticipate they will be ready for trial is January 5, 2009. Trial would take approximately 2-3 days.

3.  Consent to Proceed Before Magistrate: As of today's date, the parties do not unanimously consent to proceed before a Magistrate Judge.

4.  Settlement Negotiations: The parties have engaged in settlement negotiations but have not yet been able to reach an accord.

5.  Settlement Conference: The parties do not request a settlement conference at this stage in the litigation, but may wish to do so after additional discovery.

**DATED: March 13, 2008**                    Respectfully submitted,


        */s/ Meghan Kennedy*
By:   MEGHAN KENNEDY
       DEJA NAVE
       Assistants Corporation Counsel
       30 North LaSalle St., Ste. 1020
       Chicago, Illinois 60602
       312-744-9653/6951

       */s/ Shneur Nathan*
MATTHEW HADER
SHNEUR NATHAN
Assistants Corporation Counsel
30 North LaSalle Street, Ste. 1400
Chicago, IL 60602
(312)742-9586/ 2-1842

       */s/ Katie Ehrmin*
JEFFREY GRANICH
KATIE EHRMIN
Attorney for Plaintiff
53 West Jackson Blvd., Ste. 840
Chicago, IL 60604